**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:26-cv-00046-MOC**

| | |
|---|---|
| GARY WILKIE, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) **MEMORANDUM OF** |
| | ) **DECISION AND ORDER** |
| | ) **ON INITIAL REVIEW** |
| FNU SHARPE, et al., | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, [Doc. 1], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 7].

## I.      BACKGROUND

Pro se Plaintiff Gary Wilkie ("Plaintiff") is currently detained at the Buncombe County Detention Facility (the "BCDF") in Asheville, North Carolina. He filed this action on February 13, 2026, pursuant to 42 U.S.C. § 1983, naming Buncombe County and FNU Sharpe and FNU Smith, identified as officers at BCDF, as Defendants. [Doc. 1]. Plaintiff sues Defendants Sharpe and Smith in their individual and official capacities. [Id. at 4]. Plaintiff alleges as follows.

On January 7, 2026, Defendant Sharpe and Smith woke Plaintiff up for a cell search. [Id. at 3]. Other inmates in the block were "hazing" Defendant Sharpe, which Plaintiff believes made him angry. After searching Plaintiff's cell for some time and "messing around" in Plaintiff's legal folder, Plaintiff asked Defendant Sharpe for his name and badge number. Defendant Sharpe cussed at the Plaintiff and told Plaintiff to turn his back while Sharpe continued to search Plaintiff's cell. After Defendants Sharpe and Smith were done searching Plaintiff's cell, Plaintiff found his

bar of soap on the floor.  Defendant Sharpe insisted that Plaintiff throw it away, but Sharpe would not move to allow Plaintiff access to the trash can, so Plaintiff threw the soap around Sharpe. Defendant Sharpe then hit Plaintiff twice, breaking his nose.  Plaintiff sat on his bunk while Defendant Sharpe continued to try to fight him.  At that time, Defendant Smith threatened to taze the Plaintiff.  Plaintiff was not taken to the hospital and was denied medical treatment.  Instead, Plaintiff was taken to the hole for 30 days where he "suffered through the pain."  [Id.].

Plaintiff claims that Defendants violated his Fourteenth Amendment right to be free from the use of excessive force.[1]  [Id. at 5].  Plaintiff alleges having suffered a broken nose and worsening of his pre-existing PTSD.  [Id. at 3-4].  Plaintiff seeks monetary relief only.  [Id. at 7].

## II.    STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).  Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios.  Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).  Furthermore, a pro se complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law.

---

[1] The Court will address those claims fairly raised by Plaintiff's Complaint.

2

Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.    DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

Suits against an officer in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165, 105 S.Ct. 3099 (1985) (1985) (quoting Monell v Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 (1978)). The Office of Sheriff is not liable under § 1983 for an employee's acts "unless action pursuant to official municipal policy of some nature caused [the] constitutional tort." Collins v. City of Harker Heights, 503 U.S. 115, 120-21, 112 S.Ct. 1061, 1066 (quoting Monell, 436 U.S. at 691, 98 S.Ct. at 2036). That is, "[f]or a governmental entity to be liable under section 1983, the official policy must be the moving force of the constitutional violation." Moore v. City of Creedmoor, 345 N.C. 356, 366, 481 S.E.2d 14, 21 (1997) (internal quotation marks and citations omitted). Plaintiff here does not allege that any official policy was the moving force behind or otherwise played a part in any constitutional violation. Plaintiff, therefore, has failed to state a claim against Defendants Sharpe and Smith in their official capacities or against Defendant Buncombe County for the same reason. The Court, therefore, will dismiss Buncombe County as a Defendant and Plaintiff's official capacity claims against Defendants Sharpe and Smith.

The Fourteenth Amendment "protects a pretrial detainee from the use of excessive force that amounts to punishment." Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). To state a

3

Fourteenth Amendment excessive force claim, a pretrial detainee must show only that the force "purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 576 U.S. 389 (2015). The standard for assessing a pretrial detainee's excessive force claim is "solely an objective one." Id. In determining whether the force was objectively unreasonable, a court considers the evidence "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." Id. (citing Graham, 490 U.S. at 396).

A pretrial detainee's failure to protect claim constitutes a due process claim under the Fourteenth Amendment. Farmer v. Brennan, 511 U.S. 825 (1994); Brown v. Harris, 240 F.3d 383, 388-90 (4th Cir. 2001) (applying Farmer to a pretrial detainee's failure to protect and medical claims). A pretrial detainee states a Fourteenth Amendment claim for deliberate indifference to a serious risk of harm on the "purely objective basis that the 'governmental action' they challenge is not 'rationally related to a legitimate governmental purpose' or is 'excessive in relation to that purpose.'" Short v. Hartman, 87 F.4th 593, 611 (4th Cir. 2023) (quoting Kingsley v. Hendrickson, 576 U.S. 389, 398 (2015)). To be sure, however, it remains insufficient "for the plaintiff to allege that the defendant negligently or accidentally failed to do right by the detainee." Id. at 611-12.

Here, taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, the Court finds that Plaintiff's claim against Defendant Sharpe based on the alleged use of excessive force is not clearly frivolous. Plaintiff, however, has failed to state a claim against Defendant Smith. That is, Plaintiff alleges only that Defendant Smith threatened to taze him. He does not allege that Defendant Smith participated in any use of force and Plaintiff's allegations are insufficient to show that Defendant Smith had the opportunity to protect Plaintiff from serious

4

harm and failed to act.  The Court, therefore, will dismiss Defendant Smith for Plaintiff's failure to state a claim for relief against him.

Moreover, to establish liability under 42 U.S.C. § 1983, a plaintiff "must affirmatively show that the official charged acted personally in the deprivation of [his] rights."  Williamson v. Stirling, 912 F.3d 154, 171 (4th Cir. 2018) (cleaned up); see Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted).  Here, to the extent Plaintiff purports to state a claim based on any refusal of medical care after the alleged use of force, he has failed.  That is, Plaintiff does not allege who denied him medical treatment.  The Court, therefore, will dismiss this claim.

## IV.     CONCLUSION

In sum, the Complaint survives initial review under 28 U.S.C. § 1915A as to Plaintiff's individual capacity Fourteenth Amendment excessive force claim against Defendant Sharpe.  Plaintiff's remaining claims and the remaining Defendants will be dismissed.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that all claims asserted in this matter are hereby **DISMISSED** for failure to state a claim, except for Plaintiff's individual capacity Fourteenth Amendment excessive force claim against Defendant Sharpe, which passes initial review.

**IT IS FURTHER ORDERED** that Defendants Smith and Buncombe County are **DISMISSED** as Defendants in this matter.

**IT IS FURTHER ORDERED** that Clerk is directed to mail one (1) blank summons form to Plaintiff for Plaintiff to fill out and identify Defendant Sharpe for service of process, and then return the summons to the Court.  Plaintiff is required to provide the necessary information for the U.S. Marshal to effectuate service.  Once the Court receives the summonses from Plaintiff, the Clerk shall then direct the U.S. Marshal to effectuate service upon Defendant Sharpe.

5

**IT IS SO ORDERED**.
Signed: July 9, 2026

Max O. Cogburn Jr.
United States District Judge